IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE:<br><br>BRBRSHY INVESTMENTS INC,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 23-10654-pmb |

### MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE

COMES NOW BRBRSHY Investments, Inc. ("Debtor"), by and through the undersigned counsel, and hereby files this *Motion to Dismiss Debtor's Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code* (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

### SUMMARY OF REQUESTED RELIEF

### Jurisdiction

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On June 5, 2023, Debtor filed a voluntary petition (Docket No. 1) for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3. Debtor is in the process of winding down its affairs as a debtor-in-possession.

4. During the pendency of the Bankruptcy Case, Debtor operated as a rental company.

5. On June 12, 2023, Debtor filed its *Emergency Motion for Authority to Sell Property Free and Clear of Liens or Interests* (Docket No. 15) (the "First Sale Motion"), seeking authority

for Debtor to sell a 160 unit portfolio comprised of single family, duplex, and apartments to Hillstrong, LLC for $9,796,000.00 (the "First Sale").

6. On June 14, 2023, the Court entered a *Consent Order Granting Debtor's Emergency Motion for Authority to Sell Property Free and Clear of Liens or Interests* (Docket No. 17) (the "First Sale Order"), which authorized the First Sale.

7. On July 12, 2023, Debtor filed its *Second Emergency Motion for Authority to Sell Property Free and Clear of Liens or Interests* (Docket No. 28) (the "Second Sale Motion"), seeking authority for Debtor to sell a 174 unit portfolio also comprised of singly family, duplex, and apartments to AGA Real Estate Security, LLC for $13,177,000.00 (the "Second Sale," collectively with the First Sale, the "Sale").

8. On July 13, 2023, the Court entered a *Consent Order Granting Debtor's Emergency Motion for Authority to Sell Property Free and Clear of Liens Or Interests* (Docket No. 29) (the "Second Sale Order,"), which authorized the Second Sale.

9. On July 21, 2023, the Court entered an *Amended Consent Order Granting Debtor's Emergency Motion for Authority to Sell Property Free and Clear of Liens or Interests* (Docket No. 31) (the "Amended Second Sale Order").

10. On August 2, 2023, the Court entered a *Second Amended Consent Order Granting Debtor's Emergency Motion for Authority to Sell Property Free and Clear of Liens or Interests* (Docket No. 33) (the "Second Amended Second Sale Order," collectively with the Amended First Sale Order, and the First Sale Order, the "Sale Orders."), which authorized the Second Sale with an extended closing date.

11. Subsequent to the entry of the Second Amended Second Sale Order, the Debtor closed on the Sale of its 174 unit portfolio.

2

12. In light of the Sales and Sale Orders, Debtor has satisfied its only debt.

13. Debtor wishes to dismiss this bankruptcy case as it does not appear that the continuation of this case would benefit Debtor nor its creditors as Debtor does not have any other creditors.

14. Debtor requests the Court dismiss Debtor's case pursuant to 11 U.S.C. §1112(b).

## STATUTORY PREDICATES

15. Under Section 1112(b) of the Bankruptcy Code, a court may dismiss a debtor's Chapter 11 case "for cause."  11 U.S.C. § 1112(b); In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984); In re Blunt, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999).  Section 1112(b) states, in pertinent part:

> (b) …on request of a party in interest, and after notice and a hearing, the court shall…dismiss a case under this chapter…for cause…

11 U.S.C. § 1112(b). A determination of cause is made by the court on a case-by-case basis. See Albany Partners, 749 F.2d at 674.  In addition, a bankruptcy court is not required to explain its reasons for dismissal in detail because such decisions are particularly delegated to the bankruptcy court's sound discretion. *See* In re Camdon Ordnance Mfg. Co. of Arkansas, Inc., 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999) (*citing* In re Atlas Supply Corp., 837 F.2d 1061, 1063 (5th Cir. 1988)).  Therefore, it is clear that the Court is authorized to dismiss the Debtor's Chapter 11 case upon a showing of "cause."

16. The legislative history of Section 1112(b) indicates that a court has wide discretion to use its equitable powers to dispose of a debtor's case.  H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N.

3

5787, *see also* In re Preferred Door Co., 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); In re Sullivan Cent. Plaza I, Ltd., 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under Section 1112(b) "rests in the sound discretion" of the bankruptcy court); In re Koerner, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under Section 1112(b); Albany Partners, 749 F.2d at 647. For reasons more fully explained below, the Court should use its grant of broad authority to dismiss the Debtor's Chapter 11 case.

17. Section 1112 provides a nonexclusive list of grounds for dismissal. 11 U.S.C. § 1112; Frieouf v. U.S., 938 F.2d 1099, 1102 (10th Cir. 1991) (Section 1112's list is non-exhaustive); Blunt, 236 B.R. at 864. Cause for dismissal of bankruptcy case is not limited to examples enumerated in 11 USCS § 1112 but is a matter of discretion for court. In re Mid-Valley Aggregates, Inc. 49 BR 498 (Bankr. D.N.D., 1985).

18. Courts have found cause for dismissal where no bankruptcy purpose would be served by the continuation of the case. *See* In re Forum Health, 444 B.R. 848, (Bankr. N.D. Oh., 2011). Thus, the Court may dismiss the Debtor's Chapter 11 case where it is reasonably shown that there is no bankruptcy purpose served by continuation of the bankruptcy.

19. Here, Debtor has sold the vast majority of its assets and no longer has any creditors. Accordingly, Debtor does not need to continue to incur the administrative costs of continuing in bankruptcy, as such will not serve any bankruptcy purpose.

20. Moreover, because the Sales paid off Debtor's creditor, the continuation of this case will not benefit any creditor. As such, dismissal of Debtor's Chapter 11 case is preferred in this instance because the administrative costs associated with Debtor's estate remaining in a Chapter

4

11 case are significant, unnecessary, and will inure to the benefit of neither Debtor nor Debtor's creditors.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter an Order: (a) dismissing Debtor's Chapter 11 case under Section 1112(b) of the Bankruptcy Code, and (b) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of August, 2023.

**JONES & WALDEN LLC**

/s/ *Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Attorney for Debtor
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
cmccord@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

IN RE:

BRBRSHY INVESTMENTS INC,

Debtor.

CHAPTER 11

CASE NO.  23-10654-pmb

**CERTIFICATE OF SERVICE**

This is to certify that on the date indicated below the foregoing *Motion to Dismiss Debtor's Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code* ("Motion") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Thomas Dworschak**   thomas.w.dworschak@usdoj.gov, ltctommyd@aol.com
- **Stephen G. Gunby**   sgunby@pagescrantom.com

This 7th day of August, 2023.

**JONES & WALDEN LLC**

/s/ *Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Attorney for Debtor
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
cmccord@joneswalden.com

6